UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

CURTIS BENNETT, JR.,

    Plaintiff,

v.

W. GARDNER, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, CURTIS BENNETT, JR. ("Plaintiff" or "Mr. Bennett"), by and through undersigned counsel, files this Complaint against Defendant, W. GARDNER, LLC ("Defendant" or "WG"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA"), and Florida state contract law to recover unpaid wages, overtime compensation and an additional equal amount as liquidated damages, contractual damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

1

## PARTIES, JURISDICTION, AND VENUE

2. Mr. Bennett was an employee who performed services on behalf of Defendant in Duval County, Florida, and nearby/adjacent counties.

3. WG is a Florida limited liability company located in Jacksonville, Duval County, Florida, and which, at all times relevant, performed work in Duval County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. This Court also has supplemental jurisdiction over Plaintiff's state law claim, as it arises out of the same operative facts and circumstances as his FLSA claims.

6. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Duval County, Florida.

## FLSA COVERAGE

7. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

8. At all times material hereto, Plaintiff was a resident of Duval

County, Florida.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Defendant was primarily engaged in operating a utility contractor company in Duval County, Florida.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

16. At all times material hereto, Defendant had two (2) or more

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as conduits, water lines, pipes, hoses, etc., but which had come to rest within its warehouse location and construction sites in Duval County, Florida.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Track Hoe Operators like Plaintiff.

## FACTUAL ALLEGATIONS

18. Mr. Bennett worked for Defendant under the titles of Track Hoe Operator and "Foreman" from July 6, 2019, until his separation from Defendant on October 16, 2020.

19. In exchange for the performance of his duties, Defendant offered to pay Plaintiff a weekly salary.[1]

20. Plaintiff accepted Defendant's offer.

21. Plaintiff commenced work for Defendant in consideration of Defendant's offer of compensation and employment.

---

[1] Plaintiff's contracted weekly salary changed throughout his employment. From July 6, 2019, until December 28, 2019, the parties agreed to a weekly salary of $1,250; from December 29, 2019, until at least September 5, 2019, the parties agreed to a weekly salary of $1,350; and thereafter the parties agreed to a weekly salary of $1,400.

22. The foregoing created an enforceable oral contract under Florida law ("Agreement").

23. Throughout his time with WG, Mr. Bennett was paid a fixed salary per week, and was not paid any overtime no matter how many hours in excess of forty (40) he worked in a given week.

24. Mr. Bennett always worked in Duval County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

25. Mr. Bennett had no authority to hire or fire employees of WG.

26. Mr. Bennett had no authority to discipline employees of WG.

27. Mr. Bennett had no authority to set rates of pay for other employees or agents of WG.

28. Mr. Bennett had no input into performance reviews of other employees or agents of WG.

29. All of Mr. Bennett's major decisions had to be cleared in advance by one of WG's supervisors.

30. Mr. Bennett was closely monitored by WG's managers and supervisors at all times.

31. Mr. Bennett followed procedures established by WG and did exactly as he was instructed to do.

32. Mr. Bennett's primary duties were to perform labor, dig out trenches, cover up trenches, make sure of proper pipe elevations, and track his crew's man hours for the day.

33. The primary value that WG placed on Mr. Bennett was his services as a laborer; any "managerial" duties were limited or nonexistent, and of secondary value to WG.

34. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

35. Plaintiff regularly worked forty-five (45) or more hours per week for Defendant during his employment with Defendant.

36. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

37. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

38. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that he worked during his employment.

39. When Plaintiff worked less than forty (40) hours in a given work week, Defendant failed to properly pay him the full weekly salary as agreed upon.

40. Defendant's refusal to pay Plaintiff his earned wages is a material breach of the Contract.

41. Plaintiff has been damaged by Defendant's material breach of the Agreement in the form of lost wages and other legal damages.

42. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

43. Defendant violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

    (b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

44. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

45. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

46. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

47. Based on the allegations in Paragraphs 44-46, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

48. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

49. Plaintiff reincorporates and re-alleges paragraphs 1 through 4, 6 through 22, 24 through 39, and 42 through 48 of the Complaint, as though set forth fully herein, and further alleges as follows:

50. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

51. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

52. Plaintiff was not an exempt employee as defined by the FLSA, no matter Defendant's characterization or misclassification, and was instead a non-exempt employee as defined by the FLSA.

53. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

> a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## COUNT II
## **BREACH OF PLAINTIFF'S EMPLOYMENT CONTRACT**

55. Plaintiff reincorporates and re-alleges Paragraphs 1 through 3, 5, 6, 18 through 24, 39 through 41, and 48 above, as though set forth fully herein, and further alleges as follows:

56. Plaintiff and Defendant entered into a Contract to pay Plaintiff a fixed weekly salary.

57. Plaintiff accepted Defendant's offer to work for said compensation and, in consideration for same, engaged in work on Defendant's behalf.

58. Defendant willfully failed to pay Plaintiff the agreed upon compensation.

59. Defendant materially breached the Contract with Plaintiff when

Defendant failed to fully pay Plaintiff the agreed upon weekly salary.

60. Plaintiff has been damaged due to Defendant's willful breach and failure to pay Plaintiff his agreed upon compensation.

61. Pursuant to Section 448.08, Florida Statutes, Plaintiff, who was an employee of Defendant, is entitled to costs of this action and his reasonable attorneys' fees.

**WHEREFORE,** Plaintiff requests this Court to enter a judgment against Defendants for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 15th day of July 2021.

Respectfully Submitted,

**/s/Andres Kroboth**
Andres Kroboth, Esq.
Florida Bar No. 1016483
Noah E. Storch, Esq.
Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**andres@floridaovertimelawyer.com**
E-mail:
**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*